# STATE OF FLORIDA v BROWER

## Case No. 87-15084

Thirteenth Judicial Circuit, Hillsborough County

September 5, 1989

## OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

Appellant, Benjamin Brower, appeals his conviction for Driving Under the Influence of Alcoholic Beverages. The conviction is hereby affirmed.

The first issue appellant raises on appeal is that the trial court committed reversible error in admitting the intoximeter 3000 breath test results over the Defendant's objection. Specifically, the appellant argues the test was too remote in time to have probative value. This court finds no abuse of discretion by the trial judge in her decision to

admit the results. The passage of time, approximately 101 minutes between the Defendant's driving and the administration of the test goes to the weight of the evidence. The breath test result was only one piece of evidence the jury could have relied on in finding the Defendant was impaired. Appellant also argues that the intoximeter 3000 is based on an invalid assumption of average breath to blood ratio and therefore the breath test results should not have been admitted. This issue was not raised at the trial level and therefore was not properly preserved for appeal. However, had it been raised and had the trial judge allowed the results in over an objection based on this specific issue, it would still not have been an abuse of discretion.

The second issue raised on appeal is that the conviction should be reversed because the conviction is based on circumstantial evidence and the evidence is not inconsistent with a reasonable hypothesis of innocence. The state's case did not consist solely of circumstantial evidence. Officer Maxwell observed the Defendant drive and at the scene of the arrest and testified that in her opinion he was too impaired by alcohol to drive safely. She testified she based this opinion on his demean, his ability to speak and his performance on the field sobriety tests at the scene of the arrest. Her opinion and her testimony contradicts a reasonable hypothesis of innocence, specifically that the Defendant became impaired at a later time and was not impaired at the time of his arrest or while driving.

Thirdly, the Defendant argues that it was an error for the judge to permit the State Attorney to cross examine the Defendant about prior drinking because the questions improperly elicited character evidence and evidence of prior crimes. The questions did not elicit testimony about prior bad acts in that the state did not ask the Defendant about prior times he had been drunk or driven while drunk. This court does not see the relevance of such cross examination; however, if it was error for the judge to permit such questioning, it was not reversible error.

Finally, in a reply brief, the Appellant raises two new issues:

First, the Appellant argues that the intoximeter 3000 was not an approved machine and therefore not a reliable method of testing a person's blood alcohol level. Therefore the blood alcohol results should not have been admitted. This issue has been raised by the Appellant for the first time on appeal. It was not raised at the trial nor even in the trial brief. This issue has not been properly preserved for appeal.

Secondly the appellant argues that the trial judge incorrectly instructed the jury that

Before you can find the Defendant guilty, the state must prove the following two elements beyond a reasonable doubt:

One, that the Defendant drove a vehicle in Florida. Two, that at the time he drove he was under the influence of alcoholic beverages to the extent that his normal facilities were impaired or that at the time he drove he had a blood alcohol level of a .10 per cent or above.

The Defendant did not object to this instruction at the trial level and this issue is raised for the first time on appeal. This issue has not been properly preserved.

The trial court is hereby affirmed and the case remanded for sentencing.

DONE AND ORDERED in Hillsborough County, Florida, this 5th day of September, 1989.